UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 6:09-CR-63-GFVT-HAI-12 |
| ) | |
| v. ) | RECOMMENDED DISPOSITION |
| ) | |
| IRFAN DEMEROVIC, ) | |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Irfan Demerovic moved for a competency evaluation. D.E. 819. The evaluator found him competent to proceed, and Defendant agrees that he is competent to proceed to sentencing. This case is unusual in several respects. First, Defendant hails from Bosnia. He is a survivor of the wars in the early 1990s and carries with him the traumas of what he saw and experienced. A Bosnian language interpreter has been present for all court hearings. Second, after being indicted in this case in 2009, Defendant fled to France.[1] He was not extradited until late 2016.

In October 2017, Defendant entered a guilty plea to one count of conspiracy to distribute five kilograms or more of cocaine mixture. D.E. 814, 815. His plea was accepted and sentencing was set for February 27, 2018. D.E. 818.

On February 5, 2018, defense counsel moved for a competency evaluation. D.E. 819. Counsel did not allege that Defendant had been incompetent to plead guilty; rather he argued that

---

[1] Defendant told the psychological examiner that he fled because "drug dealers with whom he had been associating told him to leave the country or they would murder him." D.E. 830 at 3.

1

he may be unable to properly assist in his defense as sentencing approached. *Id*.; D.E. 824 at 1. Defense counsel explained at a hearing that Defendant had become anxious and depressed, and had been placed on suicide watch. D.E. 824 at 1. He stated that Defendant was suffering suicidal ideations, nightmares, and auditory hallucinations—some of which were associated with Defendant's trauma at having witnessed war in Bosnia. *Id*. The Court granted the motion, ordered an evaluation in a custodial setting, and Defendant was remanded to the custody of the United States Marshal. D.E. 824. The Court, upon the required findings, ordered the psychiatric or psychological examination pursuant to 18 U.S.C. §§ 4241(b). D.E. 826. Defendant's sentencing was continued generally. D.E. 823, 824.

The Court ordered the examination to be performed at FCI Englewood in Littleton, Colorado. D.E. 826. All parties had access to the Psychiatric Report ("the Report") issued by Dr. Jessica Micono, Psy.D. D.E. 830. In the Report, Dr. Micono opined that Defendant is competent under the applicable legal standards. *Id*. at 10.

On July 9, 2018, the Court conducted a final competency hearing in this matter, per 18 U.S.C. § 4241 and 4247(d).[2] D.E. 839. During that hearing, the parties stipulated to the admissibility of the Report, as well as to the Report's findings. The parties also waived introduction of other proof and argument in opposition, and waived the right to examine or cross-examine the evaluator. *Id*.

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960). Thus, to be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual

---

[2] A finding that Defendant is unable to proceed to trial due to mental incompetency could be dispositive of his case. Thus, the Court proceeds pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

understanding of the proceedings against him." *Dusky*, 362 U.S. at 402; *see also* 18 U.S.C. § 4241(a) (phrasing the test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"). Section 4247(d) of 18 U.S.C. governs the competency hearing, and assures certain trial-type rights. These include the right to confront and cross-examine witnesses, and the right to participate in the hearing. *See id*.; *see also* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d)).

Defendant stipulated as to both the admissibility and the substance of the Report.[3] Accordingly, the only proof concerning Defendant's competency is the expert analysis of Dr. Micono. The Report reflects personal observation, a review of Defendant's available medical history and status, sufficient psychological testing, and a thorough assessment of Defendant's abilities in light of the applicable competency standards. The author analyzed Defendant's history, course of evaluation, and testing performance. Dr. Micono directly observed Defendant via interviews and subjected him to a battery of psychological testing. D.E. 830 at 2. Dr. Micono contacted the prosecutor and defense counsel. *Id*. at 5. The prosecutor provided a "case summary," and defense counsel provided some "mental health records from France," which consisted entirely of "a list of medications Mr. Demerovic was prescribed in August and September of 2015." *Id*. at 5-6.

---

[3] Per section 4241(d), a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of section 4241(a). This framework does not dictate which party bears the burden, which has led to disagreements among the Circuits. *See United States v. Carter*, No. 1:12-CR-29, 2013 WL 6668715, at *11 (E.D. Tenn. Dec. 18, 2013) (compiling cases). Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See Medina v. California*, 505 U.S. 427, 449 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where the proof is "in equipoise").

The Report is a thorough and comprehensive assessment of Defendant's mental and psychiatric condition. Notably:

(1) The Report indicates Defendant "stated that he preferred to complete the evaluation in English." D.E. 830 at 1. "Although Mr. Demerovic is fluent in English," he did not know some terms and was not comfortable reading in English. *Id*.

(2) When he was six years old, Defendant and his sister were placed in a group home for about a year while their parents' divorce was finalized. *Id*. at 2. Prior to that, "his mother was physically abusive" and she subsequently "kidnapped" him twice from his father's custody. *Id*. Unlike Defendant's father, his mother "had both mental health and substance abuse problems" and she was ultimately killed by another husband. *Id*. Defendant was also abused while in the group home. *Id*. at 3.

(3) Defendant "witnessed much violence" during the Bosnian conflict in the early 1990s. *Id*. at 3. This included witnessing violence done to his sister and being stabbed in the back himself. *Id*. Defendant, along with his father and sister, came to the United States as refugees in 2000. *Id*.

(4) Defendant received mental health treatment in France, beginning in 2015. *Id*. at 4. Records from this period indicate prescriptions for antidepressants, anti-anxiety medication, and an antipsychotic. *Id*. at 6. The treatment appears to have been voluntary outpatient treatment for post-traumatic stress disorder. *Id*. at

(5) After his return to the United States, Defendant twice attempted suicide by hanging while in jail. *Id*. at 4. According to the report, Defendant was abused by a correctional officer, and this abuse activated past traumas, which left him feeling overwhelmed. *Id*.

(6) During the evaluation, Defendant was "consistently alert and oriented to person, place, time, and situation." *Id*. at 6. "His thought process was organized, logical, coherent, and goal-directed. . . . He did not present with any bizarre or unusual behaviors." *Id*. However, he did report persistent traumatic thoughts, nightmares, insomnia, and anxiety. *Id*.

(7) Defendant was diagnosed with the following conditions:

Alcohol use disorder, in a controlled environment,
Cannabis use disorder, in a controlled environment,
Cocaine use disorder, in a controlled environment, and
Post-traumatic stress disorder.

*Id*. at 8.

      (8)    Defendant reported he had confidence in his attorney. *Id*. at 10. He believed himself to be competent to continue with his case. *Id*. He exhibited an adequate understanding of his case and of court proceedings, and appeared able to assist counsel in his defense. *Id*.

      (7)    The report summarized that "Mr. Demerovic displayed a sufficient factual and rational understanding of the proceedings against him, and demonstrated sufficient present ability to consult with his attorney with a reasonable degree of rational understanding." *Id*. at 10. Therefore, Defendant "is not currently suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or properly assist in his defense." *Id*. at 10-11.

Thus, the Report supports a finding that both prongs of the *Dusky* competency test are met in this case, and its conclusions are unrebutted.

Additionally, the Court sought the insight of counsel for the defendant, Hon. Brandon Storm, who had initially requested the competency evaluation (*see* D.E. 819). Mr. Storm stated that, after receiving the Report, he reviewed it in detail with Defendant. He said they had no evidence to contradict the Report's conclusions. Mr. Storm reported that Defendant was no longer suicidal, which was his "biggest concern." The Court also observed and interacted with Defendant at his competency hearing. Defendant was composed and respectful to the Court throughout the proceedings, and understood their nature.

For the foregoing reasons, the Court finds no evidence which tends to show that Defendant is not competent. That finding, of course, precludes any finding of incompetency by a preponderance of the evidence. The Court thus finds that, per 18 U.S.C. § 4241(a), Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in him own defense. Therefore, the undersigned **RECOMMENDS** that the District Judge find that Defendant is competent to face further proceedings in this matter and schedule a sentencing hearing, which was previously continued generally.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Any objection must be filed within 14 days of the entry of this order. Failure to object per Rule 59(b) waives a party's right to review. Upon expiration of that 14-day period, this matter will be referred to Judge Van Tatenhove for his consideration.

This the 11th day of July, 2018.

Signed By:
Hanly A. Ingram
United States Magistrate Judge